# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2020

Lyle W. Cayce
Clerk

No. 20-10056
Summary Calendar

───────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Kelli Renee Bullard, *also known as* Kelli Henager, *also known as* Kelli Peterka,

*Defendant—Appellant*.

───────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-221-1

───────────────

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Kelli Renee Bullard pleaded guilty to one count of student financial-aid fraud, in violation of 20 U.S.C. § 1097(a). The District Court sentenced

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 20-10056

her to, *inter alia*, a within-Guidelines sentence of 60-months' imprisonment. Bullard challenges only the substantive reasonableness of her sentence, claiming the district court did not properly balance the 18 U.S.C. § 3553(a) sentencing factors in reaching its decision. Bullard contends the court focused too much on her offense and criminal history, ignoring the mitigating circumstances of her personal growth and rehabilitation efforts. Her claim fails.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As stated, only substantive reasonableness is at issue.

Bullard's sentence is within the Guidelines sentencing range and is therefore entitled to a rebuttable presumption of reasonableness. *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted). To rebut the presumption, Bullard must show "the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in

No. 20-10056

balancing sentencing factors". *Id.* (citation omitted). For obvious reasons, our review is highly deferential to the district court's balancing of the § 3553(a) factors. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015) (citing *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008)).

At Bullard's sentencing hearing, the district court considered Bullard's assertions and supporting evidence regarding her personal growth and rehabilitation. The court balanced these mitigating circumstances with the § 3553(a) factors, and concluded that, although an upward variance from the Guidelines range would be warranted, a within-Guidelines sentence of 60 months' imprisonment was appropriate because of Bullard's mitigating circumstances. Bullard's assertions regarding the court's weighing of the § 3553(a) factors amount to a mere disagreement, which is insufficient to rebut the presumption of reasonableness for a within-Guidelines sentence. *See, e.g.*, *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) ("A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.").

AFFIRMED.